FILED

2015 May-26  AM 11:54
U.S. DISTRICT COURT
N.D. OF ALABAMA

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | |
|---|---|
| **BRIAN J. BENDER, et al.,**          ] | |
| ] | |
| **Plaintiffs,**          ] | |
| ] | |
| **v.**          ] | |
| ] | **Case No.: 2:14-cv-1583-KOB** |
| **GREG CORAM, et al.,**          ] | |
| ] | |
| **Defendants.**          ] | |
| ] | |
| ] | |

## MEMORANDUM OPINION

On October 17, 2008, Defendant Barbara Zezulka allegedly entered false information into the Alabama Criminal Justice Information System ("ACJIS") and the National Crime Information Center database ("NCIC"), indicating that Plaintiff Tonya Bell had an outstanding warrant for her arrest. On October 25, 2008, Defendants Greg Coram and Brad Richardson, officers with the Hueytown Police Department, saw three black youths—Plaintiffs Bobby Joe Bell, Christopher Burts, and Brian J. Bender, Jr.— driving a vehicle registered to Ms. Bell. Based on the false arrest warrant, the officers stopped and searched the car, detaining the boys for roughly an hour. The boys along with their parents, Plaintiffs Tonya Bell, Uvonne Bell, and Valerie Thomas, subsequently brought suit against the Defendants on August, 14, 2014.

In their complaint, Mr. Bender, Mr. Bell, and Mr. Burts assert claims against all three Defendants for unlawful arrest under § 1983 and false imprisonment under Alabama state law. Mr. Bender, Mr. Bell, and Mr. Burts also assert additional § 1983 claims against only Defendants Coram and Richardson. Finally, Ms. Tonya Bell, Ms. Uvonne Bell, and Ms. Valerie Thomas

assert state law claims for loss of service against all three Defendants.

Since filling their complaint, the Plaintiffs have moved to voluntarily dismiss many of their claims.  First, Ms. Tonya Bell, Ms. Uvonne Bell, and Ms. Valerie Thomas filed a voluntary motion to dismiss their loss of service claim with prejudice (doc. 22), which the court will grant. Additionally, Mr. Bender, Mr. Bell, and Mr. Burts entered a notice of dismissal with prejudice as to all claims against Officers Coram and Richardson.  (Doc. 23).  As such, the only remaining claims are those against Ms. Zezulka brought by Mr. Bender, Mr. Bell, and Mr. Burts—the § 1983 unlawful arrest claims and the state-law false imprisonment claims.

This matter is now before the court on Ms. Zezulka 's motion to dismiss.  (Doc. 11).  For the reasons discussed below, the court will GRANT IN PART Ms. Zezulka's motion to dismiss Mr. Bender, Mr. Bell, and Mr. Burts' state-law false imprisonment claims and Mr. Bell and Burts' § 1983 unlawful arrest claims.  The court will DENY Ms. Zezulka 's motion to dismiss only as to Mr. Bender's § 1983 claim.

## I.  STANDARD OF REVIEW

A Rule 12(b)(6) motion to dismiss attacks the legal sufficiency of the complaint. Generally, the Federal Rules of Civil Procedure require only that the complaint provide "'a short and plain statement of the claim' that will give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests."  *Conley v. Gibson*, 355 U.S. 41, 47 (1957) (quoting Fed. R. Civ. P. 8(a)).  A plaintiff must provide the grounds of his entitlement, but Rule 8 generally does not require "detailed factual allegations."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley*, 355 U.S. at 47).

The Supreme Court explained that "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting and explaining its decision in *Twombly*, 550 U.S. at 570). To be plausible on its face, the claim must contain enough facts that "allow[ ] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. Although "[t]he plausibility standard is not akin to a 'probability requirement,'" the complaint must demonstrate "more than a sheer possibility that a defendant has acted unlawfully." *Id.* If the court determines that well-pleaded facts, accepted as true, do not state a claim that is plausible, the claim must be dismissed. *Id.*

## II.  STATEMENT OF FACTS

On October 25, 2008, Plaintiff Bobby Joe Bell drove his aunt's Ford Focus through Hueytown, Alabama. In the car with Mr. Bell were Plaintiffs Christopher Burts and Brian Bender, Jr. The three boys, all black males, bobbed their heads to the rhythm of the music emanating from the car stereo as they meandered toward the home of Tonya Bell, Mr. Bell's aunt and the owner of the Ford Focus. Defendants Coram and Richardson were on patrol that day and observed the boys driving the vehicle. After following the boys for three or four blocks, the officers ran the tags on the Ford Focus, which came back as belonging to Tonya Bell.

The officers then ran Ms. Bell's information through the ACJIS and NCIC warrant databases, which indicated that Ms. Bell had an outstanding arrest warrant. The information on the databases, however, was incorrect; Ms. Bell did not actually have a warrant for her arrest. Rather, Defendant Zezulka allegedly had intentionally entered information into the database falsely indicating that Ms. Bell had a warrant for her arrest.

Officers Coram and Richardson, unaware that the information was false, pulled the vehicle over.  The two officers approached the vehicle and asked Mr. Bell for his license and insurance.  The officers then returned to their police cruiser and ran Mr. Bell's information.  After finding no outstanding warrants for Mr. Bell, Officer Coram again approached the vehicle and accused the boys of turning without using a blinker and smoking marijuana.  The boys denied both accusations, but the officers instructed the boys to exit the vehicle.  The officers then pat searched the boys and rummaged through the vehicle without the boys' consent.

Forty-five minutes after the officers initiated the stop, another Hueytown police officer arrived on the scene and instructed Officers Coram and Richardson to release the boys.  Officer Coram wrote Mr. Bell a warning ticket for failing to signal and then allowed the boys to leave.  In total, the stop lasted for roughly an hour.

### III.  DISCUSSION

**Plaintiffs' § 1983 unlawful arrest claim**

As a preliminary matter, Mr. Bell and Mr. Burts concede in their response to Ms. Zezulka's motion to dismiss that their § 1983 claims are barred by the statute of limitations because they failed to bring their claims within two years of reaching the age of majority.  (Doc. 15).  Accordingly, these claims are due to be dismissed.  Mr. Bender, however, contends that his § 1983 unlawful arrest claim is not barred by the statute of limitations because he brought suit within two years of reaching the age of majority.  Under Alabama Law, statutes of limitation are tolled in the case of a minor until the time the minor reaches the age of nineteen.  *See* Ala. Code § 6-2-8.

In response to Mr. Bender's tolling argument, Ms. Zezulka asserts that Mr. Bender's claims should still be dismissed because he failed to state his age in his complaint.  However, a statute of limitations bar is "an affirmative defense, and . . .[a] plaintiff [is] not required to negate an affirmative defense in [his] complaint."  *La Grasta v. First Union Sec., Inc.*, 358 F.3d 840, 845 (11th Cir. 2004).  Therefore, Mr. Bender was not required to include his age or date of birth in his complaint, and dismissal of Mr. Bender's unlawful arrest claim is inappropriate on this ground.  *See  Sec. of Labor v. Labbe*, 319 Fed. Appx. 761, 763 (11th Cir. 2008) (holding that a Rule 12(b)(6) dismissal on statute of limitations grounds "is appropriate *only* if it is apparent from the face of the complaint that the claim is time-barred and *only* if it appears beyond a doubt that [a plaintiff] can prove no set of facts that toll the statute") (internal quotations omitted).  Aside from asserting that the claim is barred by the statute of limitations, Ms. Zezulka offers no other argument against Mr. Bender's § 1983 unlawful arrest claim.  Therefore, Ms. Zezulka's motion to dismiss this claim is due to be denied.

**Plaintiffs' false imprisonment claim**

Ms. Zezulka contends that Mr. Bender, Mr. Bell, and Mr. Burts fail to state a claim under Alabama law for false imprisonment because they do not allege that she instructed Officers Coram or Richardson to arrest them but instead allege that she instructed the officers to arrest Ms. Bell.  Ms. Zezulka contends that she could only be guilty of falsely imprisoning Mr. Bender, Mr. Bell, and Mr. Burts under Alabama law if she *specifically* instructed the officers to arrest them.  This court agrees.

Under Alabama law, a defendant who in bad faith directs a police officer to arrest an individual may be liable for falsely imprisoning *that* individual.  *See Crown Cent. Petroleum*

*Corp. v. Williams*, 679 So.2d 651, 654 (Ala. 1996).  However, Mr. Bender, Mr. Bell, and Mr. Burts fail to cite any Alabama law, and the court has found none, standing for the proposition that a defendant who directs a police officer to arrest an individual will be liable for false arrest when that officer later arrests a *different* person.  In other words, no Alabama court has held that a defendant who instructs a police officer to arrest person A will be liable when the officer subsequently arrests person B.  As such, Mr. Bender, Mr. Bell, and Mr. Burts fail to show that Ms. Zezulka could be liable for false imprisonment under Alabama law, and their claims are due to be dismissed.

## IV.  CONCLUSION

For the reasons discussed above, the court will GRANT Plaintiffs Tonya Bell, Uvonne Bell, and Valerie Thomas' voluntary motion to dismiss (doc. 22) their loss of service claims against all the Defendants and will DISMISS these claims WITH PREJUDICE.

Next, in light of Plaintiffs' stipulation of dismissal, the court will DISMISS WITH PREJUDICE Plaintiffs Bobby Joe Bell, Christopher Burts, and Brian Bender's claims against Defendants Coram and Richardson.

Finally, the court will GRANT IN PART Defendant Zezulka's motion to dismiss (doc. 11) and will DISMISS WITH PREJUDICE Plaintiffs Bender, Bell, and Burts' state-law false imprisonment claims and Plaintiffs Bell and Burts' § 1983 unlawful arrest claims.  The court will DENY Defendant Zezulka's motion to dismiss only as to Plaintiff Bender's § 1983 claim.  This single claim remains.  The court will simultaneously enter a separate Order to this effect.

DONE and ORDERED this 26th day of May, 2015.


KARON OWEN BOWDRE
CHIEF UNITED STATES DISTRICT JUDGE