IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **BRIAN J. BENDER, JR. BOBBY JOE BELL, and CHRISTOPHER BURTS,** ] | |
| Plaintiffs, ] | |
| v. ] | Case No.: 2:14-cv-1583 |
| **BARBARA ZEZULKA,** ] | |
| Defendant. ] | |

### MEMORANDUM OPINION & ORDER

This matter is before the court on the "Plaintiff's Motion for Leave to File (Corrected) Second Amended Complaint." (Doc. 36). In that motion, Plaintiff Brian Bender seeks leave to file a Second Amended Complaint, adding new claims against Defendant Barbara Zezulka. For the reasons discussed below, the court **DENIES** Mr. Bender's motion.

### Background

In their First Amended Complaint, Plaintiffs Brian Bender, Bobby Joe Bell, and Christopher Burts brought suit against Defendants Barbara Zezulka, Greg Coram, and Brad Richardson. (Doc. 7). In that Complaint, the Plaintiffs asserted claims against all three Defendants for unlawful arrest and false imprisonment. The Plaintiffs also asserted claims against Officer Coram and Officer Richardson for unlawful search and seizure, violation of the equal protection clause, deliberate indifference, and assault and battery.

On December 18, 2014, Ms. Zezulka filed a motion to dismiss the Plaintiffs' two claims against her. (Doc. 11). The court subsequently granted the motion as to all three Plaintiffs' false

1

imprisonment claims and Mr. Bell and Mr. Burts's § 1983 unlawful arrest claims, dismissing those claims *with prejudice*. (Doc. 25). The court also dismissed the three Plaintiffs' claims against Mr. Coram and Mr. Richardson *with prejudice* because the Parties had negotiated a settlement. (Doc. 25). In sum, the only claim that this court did not dismiss with prejudice in the case is Mr. Bender's § 1983 claim for unlawful arrest against Ms. Zezulka.

On June 29, 2015, Mr. Bender filed a "Motion for Leave to File Second Amended Complaint." (Doc. 32). Mr. Bender attached to that motion a proposed Second Amended Complaint, which included claims against Officer Coram and Officer Richardson. Likely surprised to find themselves named once again as defendants, Officer Coram and Officer Richardson objected to Mr. Bender's motion to amend and filed their own motion for leave to file a copy of the general release of liability and settlement executed by Mr. Bender. (Doc. 35). The same day that Mr. Coram and Mr. Richardson filed their objection and motion, Mr. Bender filed the pending "Motion for Leave to File (Corrected) Second Amended Complaint," in which he removed the claims against Officer Coram and Mr. Richardson from his proposed amended complaint.

**Discussion**

As an initial matter, the court **DEEMS** Mr. Bender's initial "Motion for Leave to File a Second Amended Complaint" (doc. 32) and Officer Coram and Officer Richardson's "Motion for Leave to File Sealed Document" (doc. 35) to be **MOOT** in light of Mr. Bender's subsequent "Motion for Leave to File (Corrected) Second Amended Complaint" (doc. 36). Thus, the only issue before the court is whether to grant Mr. Bender's "Motion for Leave to File (Corrected) Second Amended Complaint." Having reviewed Mr. Bender's motion, the court determines that

the motion is due to be denied because Mr. Bender's proposed amended complaint does not comply with Federal Rule of Civil Procedure 10(b).

Under Rule 10(b), a plaintiff's complaint may include only a single claim for relief in each count. *See Anderson v. Dist. Bd. of Trustees of Cent. Fla. Cnty. Coll.*, 77 F.3d 364, 366 (11th Cir. 1996); *Davis v. Coca-Cola Bottling Co. Consol.*, 516 F.3d 955, 979–80 (11th Cir. 2008); *Weiland v. Palm Beach Cnty. Sheriff's Office*, —F.3d—, No. 13-14396, 2015 WL 4098270, at *5 (11th Cir. July 8, 2015) ("The third type of shotgun pleading is one that commits the sin of not separating into a different count each cause of action or claim for relief."). Mr. Bender's proposed Second Amended Complaint does not comply with Rule 10(b) as two out of his four counts contain multiple causes of action. In his proposed Second Amended Complaint, Mr. Bender asserts the following counts: Count 1: Unlawful Arrest-Malicious Prosecution; Count 2: 42 U.S.C. 1983 Unlawful Search and Seizure; Count III[1]: False Imprisonment, Malicious Prosecution, Negligence; and Count IV: Assault and Battery.[2] Because Mr. Bender's proposed Second Amended Complaint does not comply with Rule 10(b), the court **DENIES** Mr. Bender's motion to amend.

Should Mr. Bender file another motion to amend, the court reminds him that it previously dismissed his false imprisonment claim against Ms. Zezulka *with prejudice*. Therefore, he should *not* include that claim in his proposed amended complaint. Additionally, Mr. Bender's proposed Second Amended Complaint, although identified as being brought only by Mr. Bender, appears to include claims brought by Mr. Bell and Mr. Burts. The court instructs Mr. Bender to

---

[1] Mr. Bender incorrectly identified this claim as Count V.

[2] Mr. Bender incorrectly identified this claim as Count VI.

draft any future proposed amended complaints to **clearly** indicate whether Mr. Bell and Mr. Burts join him in asserting claims against Ms. Zezulka.

## Conclusion

For the reasons discussed above, the court **DEEMS** Mr. Bender's initial "Motion for Leave to File Second Amended Complaint" and Officer Coram and Officer Richardson's "Motion for Leave to File Sealed Document" to be **MOOT**. (Docs. 32 & 35, respectively). The court also **DENIES** Mr. Bender's "Motion for Leave to File (Corrected) Second Amended Complaint." (Doc. 36). The only motion now pending before the court in this case is Ms. Zezulka's "Renewed Motion for Judgment on the Pleadings." (Doc. 29).

**DONE** and **ORDERED** this 23rd day of July 2015.

_____
KARON OWEN BOWDRE
CHIEF UNITED STATES DISTRICT JUDGE