**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION**

| | |
|---|---|
| **BRIAN J. BENDER,** | ] |
| | ] |
| **Plaintiff,** | ] |
| | ] |
| **v.** | ] |
| | ]   **Case No.: 2:14-cv-1583-KOB** |
| **BARBARA ZEZULKA,** | ] |
| | ] |
| **Defendant.** | ] |
| | ] |
| | ] |

**MEMORANDUM OPINION**

This matter is before the court on "Defendant Barbara Zezulka's Renewed Motion for

Judgment on the Pleadings."  (Doc. 29).  In that motion, Ms. Zezulka moves for judgment on Mr.

Bender's sole remaining claim against her for false arrest in violation of § 1983.  For the reasons

discussed below, the court will **GRANT** Ms. Zezulka's motion and **ENTER JUDGMENT** in

favor of Ms. Zezulka on Mr. Bender's false arrest claim.

## I.   Legal Standard

A party may move for judgment on the pleadings only after the pleadings are closed.  *See*

Fed. R. Civ. P. 12(c).  "Judgment on the pleadings is proper when no issues of material fact exist,

and the moving party is entitled to judgment as a matter of law based on the substance of the

pleadings and any judicially noticed facts."  *Interline Brands, Inc. v. Chartis Specialty Ins. Co.*,

749 F.3d 962, 965 (11th Cir. 2014) (internal citation omitted).  In determining whether a

defendant is entitled to judgment on the pleadings, courts must "accept all the facts in the

complaint as true and view them in the light most favorable to the nonmoving party."  *Id.*

1

In ruling on a motion for judgment on the pleadings, courts apply the same standards as applied to a Rule 12(b)(6) motion to dismiss.  *See Strategic Income Fund, LLC v.v Spear, Leeds & Kellogg Corp.*, 305 F.3d 1293, 1295 n.8 (11th Cir. 2002).  A court must grant the motion for judgment on the pleadings if, "on the basis of a dispositive issue of law, no construction of the factual allegations will support the cause of action."  *Marshall Cnty. Bd. of Educ. v. Marshall Cnty. Gas Dist.*, 992 F.2d 1171, 1174 (11th Cir. 1993).  Accordingly, to avoid the granting of judgment on the pleadings, "a complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation omitted).

## II.   Background

According to the allegations in Mr. Bender's complaint, on October 17, 2008, Ms. Zezulka intentionally entered false information into the Alabama Criminal Justice information System ("ACJIS") and the National Crime Information Center database ("NCIC"), indicating that Tonya Bell, Mr. Bender's mother, had an outstanding warrant for her arrest.  (Doc. 7).  On October 25, 2008, two police officers with the Hueytown Police Department saw Mr. Bender and two of his friends driving a vehicle registered to Ms. Bell.  Based on the false warrant, the officers stopped, searched, and detained the boys for approximately an hour.  On August 14, 2015, Mr. Bender along with the two other boys and their parents brought suit against Ms. Zezulka and the two officers who effectuated the stop, asserting numerous claims.

On May 26, 2015, the court dismissed all of the Plaintiffs' claims against the Defendants except for Mr. Bender's § 1983 claim for false arrest against Ms. Zezulka.  (Doc. 25).  Following this court's order dismissing those claims, Ms. Zezulka moved for judgment on the pleadings as

2

to Mr. Bender's sole remaining claim.  (Doc. 29).  This case is now before the court on that motion.

### III.   Discussion

In her motion, Ms. Zezulka argues that she is entitled to judgment on Mr. Bender's false arrest claim because Mr. Bender's allegation that she issued an invalid warrant is insufficient to sustain a § 1983 false arrest claim as a matter of law.  This court agrees.

Ms. Zezulka's alleged issuance of a warrant constitutes legal process and, as such, does not give rise to a claim for false arrest.  Rather, the proper claim to bring based on the issuance of an allegedly false warrant is a claim for malicious prosecution.  *See Heck v. Humphrey*, 512 U.S. 477, 484 (1994).  The key difference between malicious prosecution and false arrest is that malicious prosecution "permits damages for confinement imposed pursuant to *legal process*." *Id.* (emphasis added).  "The issuance of a warrant—even an invalid one . . . —constitutes legal process, and thus, where an individual has been arrested pursuant to a warrant, his claim is for malicious prosecution rather than false arrest." *Carter v. Gore*, 557 F. App'x 904, 906 (11th Cir. 2014); *see Carver v. City of Pell City*, 2015 U.S. Dist. LEXIS 1848, *31–32 (N.D. Ala. 2015).

Because Mr. Bender's claim against Ms. Zezulka is based on the issuance of a warrant, his claim against Ms. Zezulka is for malicious prosecution not false arrest.  Therefore, Ms. Zezulka is entitled to judgment on Mr. Bender's false arrest claim.

### IV.   Conclusion

For the reasons stated above, the court **GRANTS** Ms. Zezulka's motion for judgment on the pleadings and **ENTERS JUDGMENT** in favor of Ms. Zezulka on Mr. Bender's § 1983 false arrest claim.

**DONE** and **ORDERED** this 23rd day of July, 2015.


KARON OWEN BOWDRE
CHIEF UNITED STATES DISTRICT JUDGE